**Randy Jose RIVERA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,\* Respondent.**

No. 03–70485.

Agency No. A43–992–726.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 2005.

Decided May 20, 2005.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

na Niguel, CA, Anthony W. Norwood, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before LAY,** B. FLETCHER, and HAWKINS, Circuit Judges.

### MEMORANDUM***

Petitioner Randy Jose Rivera ("Rivera") petitions for review of an order for his removal under Immigration and Nationality Act ("INA") §§ 237(a)(2)(A)(iii) and 237(a)(2)(E)(i). We grant the petition.

In this record, the judicial documents pertaining to Rivera's predicate conviction contain little more than the fact of conviction. Nothing in the record suggests that what occurred between Rivera and his "victim"—who is now his common-law wife and with whom he has two children—constituted "abuse" as we have understood that term. Under such circumstances, we are "compelled to hold that the government has not met its burden of proving that the conduct of which the defendant was convicted constitutes a predicate offense, and the conviction may not be used as a basis for removal." *Tokatly v. Ashcroft,* 371 F.3d 613, 620–21 (9th Cir.2004).

We therefore hold both that our jurisdiction has not been stripped under 8 U.S.C. § 1252(a)(2)(C), and that the charge of removability against Rivera under INA § 237(a)(2)(A)(iii) ought not to have been sustained. *See Penuliar v. Ashcroft,* 395 F.3d 1037, 1040 (9th Cir.2005) (explaining how the "the jurisdictional question and the merits collapse into one") (citations and internal quotation marks omitted). Because the IJ's decision on the second charge of removability rested solely on viability of the first charge, and the government has offered no alternative theory to sustain the § 237(a)(2)(E)(i) charge, this charge cannot stand either. *See Stuard v. Stewart,* 401 F.3d 1064, 1067 (9th Cir.2005) ("[W]e are not going to construct an argument for the [government] sua sponte, depriving [petitioner's] counsel of a fair chance to respond to it.").

**PETITION GRANTED.**

---

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

